No. 4448.

(Court of Appeal, Parish of Orleans.)

## W. T. KING VS. PERCY SAINT.

1. Under Act 86 of 1896, amending Art. 1338 R. C. C., privileges may be transferred to the proceeds of sale in judicial partitions, provided the privilege holder be made a party to such judicial partition.
2. Judicial partition means partition through the medium of a judicial proceeding; "parties" to such judicial partition necessarily means parties to the suit which seeks to bring about such partition.
3. A rule taken on a privilege creditor after judgment and after the sale of the property cannot be regarded as making such creditor a party to the judicial partition.

Appeal from Civil District Court, Division "A."

F. Rivers Richardson, for Plaintiff in rule, Appellant.

Thilborger & Duffy, for Defendant in rule, Appellee.

DUFOUR, J. The plaintiff sued the defendant, his co-owner in indivision of certain real estate, and, pursuant to the judgment, the property was sold to the plaintiff for the sum of $450.

He then took a rule to cancel a paving privilege resting on the property, amounting to the sum of $337 with interest and to refer same to the proceeds, from a judgment dismissing the rule this appeal has been taken.

Appellant urges that statutory warrant is found for his demand in Act 86 of 1896 amending Art. 1338 R. C. C.

Appellee contends that, under Act 73 of 1876 the paving privilege is a statutory pledge, a real charge existing until paid, a claim *in rem* following the property in the hands of all persons whatsoever, and, hence, not susceptible of being referred to the proceeds of sale.

It is also contended that the Act of 1896 cannot be invoked, even if otherwise applicable, because the holders of the paving privilege were not made parties to the judicial partition.

Under Art. 1338 R. C. C., as it originally stood, it had been held that tax privileges could not be transferred to the proceeds, because the privileges referred to in the article were

225

evidently exclusively in its contemplation those provided by the Code. 39 Ann. 53.

In succession of Vizard 106 An. 75 the Court said that conflicting decisions as to minor's mortgages "called the attention of the lawmakers to the question and that it resulted in the enactment of Act 86 of 1896."

In Moody vs. Sewerage & Water Board 117 La. 362, the Supreme Court, discussing the paving privilege, said:

"Now as relates to security, the third section of Act 73 of 1876 provides that the cost of the improvement shall be a real charge on the property and that it shall be considered and treated as pledged for payment of the amount due; that it shall constitute a lien or privilege upon the abutting property. Surely, under the terms of this statute, no one will deny that the contractor's claim is secured as laid down in the statute. *There are no statutes amending or setting aside the provision of the Act of 1876, as above stated.* * * * This decision applies exclusively to statutory pledge in assessment matters; it is especially *sui generis.*"

Considering the foregoing citations we are not prepared to say what view the Supreme Court might take were the question directly presented to it as to whether the Act of 1896 is applicable to paving privileges.

We prefer to rest our conclusions on the second ground urged assuming *arguendo* that the law is applicable.

The amendment of 1896 adds to the original text of Art. 1338 the following:

"That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against anyone or more of the co-proprietors shall be by order of Court transferred to the proceeds of sale in the hands of the notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the notary or before the Court, as may be necessary, provided the holders of such *mortgages, liens and privileges be made parties to such judicial partition.*"

Judicial partition means partition through the medium of a judicial proceeding; the parties to such judicial partition must necessarily be parties to the suit which seeks to bring about such partition.

Those legally entitled to be made parties should be made so

before trial and judgment; a rule taken, not only after judgment, but after the sale of the property, cannot be regarded as making the respondent a party to the judicial partition.

It may reasonably be supposed that the purpose of the law was to give the mortgage and privilege creditors full notice of the proceedings from their incipiency and thus enable them to protect their interests at the sale and secure proceeds sufficient to pay the claim for which the *thing* itself was responsible.

But whatever be the motive, the text of the law is plain and must be followed; the paving company was not, in law, a party to the judicial proceeding partition and the erasure of its lien was properly refused.

Judgment affirmed.

June 8, 1908.

Rehearing refused June 22, 1908.

Writ denied by Supreme Court, Aug. 18, 1908.